# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

| | |
|---|---|
| JORDAN L. RAUCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 3:16-10127 |
| v. ) | |
| ) | |
| DAVID BALLARD, Warden, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2), filed on October 27, 2016; and (2) Respondent's "Limited Response Requesting Dismissal of Untimely Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" (Document No. 15), filed on February 13, 2017. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's "Limited Response Requesting Dismissal of Untimely Petition."

## PROCEDURE AND FACTS

**1.  Criminal Action No. 06-F-97:**

On November 6, 2006, the Grand Jury of Wayne County, West Virginia, returned an Indictment against Petitioner charging him with ten counts of sexual assault in the first degree involving minor children. (Document No. 15-2.) On March 29, 2007, Petitioner pled guilty to five counts of sexual abuse in the first degree, as lesser included offense, and the remaining counts

were dismissed pursuant to the Plea Agreement. (Document Nos. 15-3, 15-4, 15-5, and 15-6.) On the same day, the Circuit Court sentenced Petitioner to an indeterminate sentence of one (1) to five (5) years as to each count, to run consecutively, for an effective sentence of five (5) to twenty-five (25) years. (Document No. 15-6, pp. 36 - 37.) Petitioner did not file a direct appeal. (Document No. 15-9.)

**2.      State *Habeas* Proceeding:**

On July 27, 2010, Petitioner filed in the Circuit Court of Wayne County a *pro se* Motion to Have Plea Bargain Set Aside. (Document Nos. 15-10 and 15-11.) The Circuit Court construed the Motion as Petition for Writ of *Habeas* Corpus. (Document No. 14-1, p. 6.); Rauch v. Ballard, Case No. 10-C-184 (Cir. Ct. Wayne Co. Aug. 16, 2012). On August 10, 2010, the Circuit Court appointed Mr. Ronald Salmons as *habeas* counsel. (Document No. 15-12.) On November 28, 2011, Petitioner, by counsel, filed a "Petition for Writ of *Habeas Corpus* and Memorandum in Support Thereof." (Document No. 15-13.) In his Petition, Petitioner alleged the following grounds for relief: (1) Incompetency at time of the offense, extradition, and plea agreement; (2) Involuntary and coerced plea agreement; and (3) Ineffective assistance of counsel. (Id.) On January 27, 2012, Petitioner filed his *Losh* List. (Document No. 15-15, pp. 2, 17 - 20.) On May 7, 2012, Petitioner, by counsel, filed "Petitioner's Brief." (Document No. 15-14.) An omnibus hearing was conducted on July 10, 2010. (Document No. 15-15, p. 2.) During the omnibus hearing, Petitioner presented witness testimony and the Court heard arguments by counsel. (Id.) By Opinion Order entered on August 16, 2012, the Circuit Court denied Petitioner's *habeas* petition. (Id., pp. 1 - 21.) On September 7, 2012, Petitioner filed his *pro se* Notice of Appeal. (Document No. 15-16.) Petitioner, however, never perfected his appeal by filing his Brief with the West Virginia Supreme Court.[1]

---

[1] Although Petitioner filed a *pro se* Notice of Appeal on September 7, 2012, Petitioner did not

(Document No. 15-9.)

3.      **First Section 2254 Petition:**

On January 28, 2011, Petitioner, acting *pro se*, filed with this Court his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. Rauch v. Ballard, Civil Action No. 3:11-cv-00068, Document No. 1. In his Petition, Petitioner alleged the following grounds for *habeas* relief: (1) Ineffective assistance of counsel; (2) "Multiple prosecutions for the same offense;" and (3) "Right to free trial transcript for indigent defendant denied." Id. Petitioner acknowledged in his Petition, however, that his State *habeas* proceedings were ongoing. Id. By Proposed Findings and Recommendation entered on May 9, 2011, United States Magistrate Judge Cheryl A. Eifert recommended that the District Court dismiss Petitioner's Petition without prejudice so that he could exhaust the State Court remedies available to him. Id., Document No. 5. Petitioner failed to file Objections. By Memorandum Opinion and Order entered on June 10, 2011, United States District Judge Robert C. Chambers adopted Judge Eifert's recommendation and dismissed Petitioner's Petition without prejudice. Id., Document Nos. 6 and 7.

4.      **Motion to Withdraw and Rule 35 Motions:**

On January 15, 2016, Petitioner filed in the Circuit Court of Wayne County a *pro se* "Motion to Withdraw Plea Bargain." (Document No. 15-18.) By Order entered on January 28,

---

perfect his appeal by filing a timely Brief. Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides that "[a]n appeal must be perfected within four months of the entry of the circuit court order in accordance with Rule 5 of the Rules of Appellate Procedure. W. Va. R. Crim. P. 37 (2010). Rule 5(g) of the Rule of Appellate Procedure provides that "[a]n appeal is perfected by timely and properly filing, in the Office of the Clerk of the Supreme Court, . . . (1) the petitioner's brief prepared in accordance with Rule 10, and (2) the appendix record prepared in accordance with Rule 7." W. Va. R. App. P. 5 (2010).

3

2016, the Circuit Court denied Petitioner's *pro se* "Motion to Withdraw Plea Bargain." (Document No. 15-19.) On July 25, 2016, and July 29, 2016, Petitioner filed in the Circuit Court two Motions to Reduce Sentence pursuant to Rule 35(b). (Document Nos. 15-20 and 15-21.) Petitioner's Rule 35(b) Motions remain pending before the Circuit Court.[2]

**5.     Instant Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on October 27, 2016.[3] (Document No. 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1. Mental Competency at time of trial;
2. Mental competency at time of crime; and
3. Non-disclosure of grand jury minutes.

(Id., pp. 5 - 9.) By Order entered on October 31, 2016, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 4.)

On February 13, 2017, Respondent filed his "Limited Response Requesting Dismissal of Untimely Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus." (Document No. 15.) As Exhibits, Respondent attaches the following: (1) A copy of the Docket Sheet for Case No. 06-F-

---

[2] In its Order denying Petitioner's "Motion to Withdraw Plea Bargain," the Circuit Court indicated that Petitioner had filed two *habeas* petitions. (Document No. 15-19.) Specifically, the Circuit Court states that "Defendant has filed two previous petitions for Writ of Habeas Corpus (10-C-184 and 15-C-083) which this Court has denied." (*Id.*) Respondent, however, submits a "Clerk's Certificate" from the Wayne County Circuit Court Clerk stating that Civil Action No. 10-C-184 and Criminal Action No. 06-F-097 as the only official records pertaining to Petitioner. (Document No. 15-22.) Additionally, Petitioner indicates in his instant Petition that he has filed only one *habeas* petition in State court (Case No. 10-C-184). (Document No. 2.) Even assuming Petitioner filed an additional State *habeas* petition in 2015, this would not change the undersigned finding that his current Section 2254 Petition is untimely as the statute of limitations expired July 29, 2008.

[3] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

4

097 (Document No. 15-1.); (2) A copy of the Indictment (Document No. 15-2.); (3) A copy of the Plea Agreement (Document No. 15-3.); (4) A copy of "Defendant's Statement In Support of Plea of Guilty" (Document No. 15-4.); (5) A copy of "Attorney's Statement in Support of Plea of Guilty" (Document No. 15-5.); (6) A copy of the transcripts from Petitioner's Plea and Sentencing Hearing conducted on March 29, 2007 (Document No. 15-6.); (7) A copy of the Circuit Court's Order entered March 29, 2007, accepting Petitioner's guilty plea and imposing sentencing (Document No. 15-7.); (8) A copy of Petitioner's "Commitment Order" entered on May 9, 2007 (Document No. 15-8.); (9) A copy of the "Clerk's Certificate" from the West Virginia Supreme Court (Document No. 15-9.); (10) A copy of Petitioner's "Motion to Have Plea Bargain Set Aside" as filed on July 27, 2010 (Document No. 15-10.); (11) A copy of the Docket Sheet from Case No. 10-C-184 (Document No. 15-11.); (12) A copy of the Circuit Court's Order appointing *habeas* counsel entered on August 9, 2010 (Document No. 15-12.); (13) A copy of Petitioner's "Petition for Writ of Habeas Corpus and Memorandum in Support Thereof" filed on November 28, 2011 in the Circuit Court of Wayne County (Document No. 15-13.); (14) A copy of "Petitioner's Brief" as filed on May 12, 2012 in the Circuit Court of Wayne County (Document No. 15-14.); (15) A copy of the Circuit Court's "Opinion Order Denying Writ of Habeas Corpus Following Omnibus Hearing" filed on August 16, 2012 (Document No. 15-15.); (16) A copy of Petitioner's *pro se* Notice of Appeal (Document No. 15-16.); (17) A copy of the Docket Sheet from Case No. 3:11-cv-0068 (Document No. 15-17.); (18) A copy of Petitioner's "Motion to Withdraw Plea Bargain" as filed on January 15, 2016 (Document No. 15-18.); (19) A copy of the Circuit Court's "Order Denying Motion to Withdraw Plea Bargain" as filed on January 28, 2016 (Document No. 15-19.); (20) A copy of Petitioner's "Motion to Reduce Sentence" as filed on July 25, 2016 (Document No. 15-20.); (21) A copy of Petitioner's "Motion to Reduce" Sentence as filed on July 29, 2016

(Document No. 15-21.); (22) A copy of a "Clerk's Certificate" from the Circuit Court of Wayne County (Document No. 15-22.); and (23) A copy of Petitioner's "OIS Search" from the West Virginia Department of Corrections (Document No. 15-23.).

On February 14, 2017, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 18.) On February 22, 2017, Petitioner filed his Reply. (Document No. 21.) Specifically, Petitioner requests that this Court not deny his Petition as untimely because he made several attempts to file an appeal. (Id.) Petitioner explains that he attempted to hire Mr. Salmons to file an appeal of the Circuit Court's denial of his State *habeas* petition. (Id.) Petitioner, however, claims that Mr. Salmons stated that he was unable to file such an appeal without further appointment by the Circuit Court Judge. (Id.)

On March 3, 2017, Respondent filed his Sur-Reply. (Document No. 23.) Respondent argues that Petitioner's Petition became time barred on September 29, 2008 and "Petitioner's claimed inability to persuade a State Court to appoint counsel did not preclude him from timely seeking relief from this Court." (Id.)

**THE APPLICABLE STANDARD**

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d

6

127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## **ANALYSIS**

In 1996, Congress enacted the AEDPA, which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned will consider the timeliness of Petitioner's Petition under Section

2244(d)(1)(A).[4] Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal of his conviction in the West Virginia Supreme Court of Appeals, and therefore, his conviction became final by the expiration of the time for seeking direct review, on July 29, 2007[5] (four months after Petitioner was convicted and sentenced in the Circuit Court of Wayne County).[6] Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[7] the one-year statute of limitation began to run on July 30, 2007, and Petitioner had until July 29, 2008, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

---

[4] Petitioner does not allege any impediments to filing, a newly recognized right, or a newly discovered fact that would implicate the provisions of 28 U.S.C. § 2244(d)(1)(B) – (D).

[5] Respondent incorrectly states that "Petitioner's opportunity to pursue an appeal expired four months after March 29, 2007; i.e., on September 29, 2007." (Document No. 15, p. 7.)

[6] **Error! Main Document Only.** Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides that "[a]n appeal must be perfected within four months of the entry of the circuit court order in accordance with Rule 5 of the Rules of Appellate Procedure."

[7] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> **(1) Period Stated in Days or a Longer Unit.**
> When the period is stated in days or a longer unit of time:
> **(A)** exclude the day of the event that triggers the period;
> **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Petitioner failed to seek any post-conviction relief from the State Courts until July 27, 2010. Petitioner filed his first *habeas* petition with the Circuit Court of Wayne County on July 27, 2010, approximately two years after the 28 U.S.C. § 2244(d)(1) one-year period of limitation expired. Since Petitioner did not file a State *habeas* petition prior to July 29, 2008, the one-year limitation period was not tolled. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris v. Hutchinson, 209 F.3d 325, 328-31 (4th Cir. 2000). In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562; also see Harris, 209 F.3d at 330(petitioner bears the burden of proof regarding equitable tolling). The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control or "external to the party's own conduct." Id. The Harris Court made it clear that equitable tolling should rarely be allowed stating as follows (Id.):

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where

– due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. Petitioner's claim that the Circuit Court would not appoint counsel to appeal the denial of his State *habeas* petition is insufficient. The limitation period for filing his Section 2254 Petition expired on July 29, 2008, long before the denial of his State *habeas* petition (August 16, 2012). A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed approximately 8 years and 3 months after the Section 2244(d) one-year period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Limited Response Requesting Dismissal of Untimely Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" (Document No. 15), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395,

81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: April 27, 2017.

Omar J. Aboulhosn
United States Magistrate Judge